IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**HONORABLE A. BRUCE CAMPBELL**

| | | |
|---|---|---|
| In re: | ) | |
| JOHNNY CHRISTOPHER BONNEY | ) | Case No.10-11830 ABC |
| JOSEPHINE PATRICIA BONNEY | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |

ORDER DENYING MOTION TO APPROVE POST-CONFIRMATION MODIFICATION

Before the Court is the Debtors' Motion to Approve Post-Confirmation Modified Plan ("Motion"). Debtors seek to modify their confirmed plan because they have had "trouble making plan payments" and they "fell behind." What Debtors propose is to extend the time for payments under the plan from 51 months to 60 months; and to lower the interest rate to be paid on the value of a secured creditor's collateral.

No objections were filed to Debtors' Motion. Because Debtors did not serve the affected creditor in that manner prescribed by Fed.R. Bankr.P. 7004, however, the Court cannot conclude that the affected creditor does not object to the proposed treatment in the modified plan. Regardless, this Court cannot grant Debtors' Motion as a matter of law. See ***United Student Aid Funds, Inc. v. Espinosa***, 130 S.Ct.1367, 1381 n15 (2010).

What Debtors propose to do cannot be done. The treatment of a secured creditor in plan is fixed as of the date of confirmation. 11 U.S.C. §§ 1329(b)1), 1325(a)(5)(B)(ii) and 1327(a).[1] Section 1329, the section of the Code governing post confirmation modification of plans, is limited in its reach. See ***In re Rutt***, 07-13448 ABC, Docket #78 (September 10, 2011) citing ***In re Nolan***, 232 F.3d 528 (6th Cir. 2000). This Court, in its ***Rutt*** opinion, adopted the reasoning of the Sixth Circuit in ***In re Nolan***, 232 F.3d 528 (6th Cir. 2000) which interprets section 1329 to:

> only afford the debtor a right to request alteration of the amount or timing of specific ***payments***. . . . 'This section does not state that the plan may be modified to increase or reduce the amount of ***claims***. This is of significance in relation to secured claims.'. . .

***In re Nolan***, 232 F.3d at 534 *citing* ***In re Banks***, 161 B.R. 375, 378 (Bankr .S.D. Miss. 1993). (Emphasis added). Section 1329 may not be read to permit a debtor to alter a secured creditor's ***claim*** post confirmation.

---

[1] Section 1327(a) provides: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

      The interest rate paid on a secured creditor's claim is intended to insure that the secured creditor receives payments of a "value, as of the effective date of the plan" that are not less than the allowed amount of the secured creditor's claim. A post confirmation decrease of that interest rate impermissibly alters that creditor's claim which was determined "as of the effective date of the plan." Accordingly, it is

    ORDERED that Debtors" Motion is DENIED.

DATED: November 28, 2011

                              BY THE COURT:

                              _____
                              A. Bruce Campbell, Judge